## BEN McKEOWN v. STATE.

No. A-5554.   Opinion Filed June 5, 1926.
(246 Pac. 659.)

D. E. Ashmore and A. W. Anderson, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter

called defendant, was convicted in the superior court of Okmulgee county on a charge of robbery by the use of firearms and was sentenced to serve a term of 25 years in the state penitentiary.

Briefly stated, the facts are about as follows: The defendant and his wife, Cleo McKeown, lived near the outskirts of Henryetta. Several times before the date of the offense charged, the prosecuting witness Sullivan had been at the residence of the defendant; one or two of these occasions was in the absence of defendant. On the date charged shortly after dark he went to the residence, either for the purpose of calling on defendant's wife or to obtain liquid refreshments. It was a hot August night. Defendant and wife were at the rear of the house, and Sullivan seated himself, bought a bottle of "choc beer," and proceeded to imbibe. Defendant stated he would go and get some ice, and went away, leaving his wife with Sullivan. He returned in a few minutes and accused Sullivan of insulting his wife, pointed a pistol at him, ordered him to put up his hands, and made threats. Sullivan prevailed on defendant not to injure him, and it was agreed he would pay $200 and the matter would not be further mentioned. The wife procured a blank check and Sullivan executed it, payable to her, and then rode to town with defendant. The defendant cashed the check about 11 o'clock the following morning. Before complaint was filed against the defendant and his wife charging robbery, the wife of the prosecuting witness Sullivan went to defendant and demanded a return of the $200 obtained on the check, which was refused, and soon after the prosecution was instituted.

It then becomes necessary that we determine whether or not the state of facts disclosed by the record constitutes robbery or whether it falls under some other provision of the Criminal Code.

Section 1784, Comp. Stat. 1921, defines robbery as follows:

"Robbery is a wrongful taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear."

Section 2133, Comp. Stat. 1921, defines extortion as:

"Extortion is the obtaining of property from another with his consent, induced by a wrongful use of force or fear. * * *"

Section 2134 is, in part:

"Fear, such as will constitute extortion, may be induced by a threat, either: First. To do an unlawful injury to the person * * * of the individual threatened. * * *"

Section 2137 reads:

"Any person who, by any extortionate means, obtains from another his signature to any paper or instrument, whereby, if such signature were freely given, any property would be transferred, or any debt, demand, charge or right of action created, is punishable in the same manner as if the actual delivery of such property or payment of the amount of such debt, demand, charge or right of action were obtained."

The case of Tipton v. State, 23 Okla. Cr. 86, 212 P. 612, 31 A. L. R. 1074, which holds the offense there proven robbery, is in some respects analogous to the case under consideration. In that case, as in this, the prosecuting witness was accused of insulting the wife of the defendant and offered a monetary settlement amounting to $1,000 cash, a Dodge automobile, and a note secured by a real estate mortgage in the sum of $5,000. But in that case, which we think distinguishes it from the case at bar, the sum of $1,000 was actually procured and paid over, and an automobile delivered while the duress by means of firearms continued. In that case was cited the case of Rex v. Edwards, 6 Car.

& P. 521, as holding that, where a check or draft for the payment of money was drawn and delivered by one under imminent fear, the offense was robbery. This citation is an error. The case does not so hold, but, on the contrary, holds that the facts there proven were not robbery. In this case there was not a taking of property from the person or immediate presence of another, but a settlement of a claimed injury under duress, or an extortion by the defendant.

Under the statutes just quoted, the offense disclosed by the evidence is clearly an extortion based either on some improper conduct between the prosecuting witness Sullivan and the wife of the defendant, or an attempt by the defendant and his wife to take advantage of the visits of Sullivan to the home of the defendant for the purpose of extorting from him money—as commonly designated, blackmail. Conceding as true the evidence of the state, the conduct of the defendant is criminal; but the evidence does not prove the crime of the robbery.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.