## R. E. HILL v. STATE.

No. A-7557.  Opinion Filed Feb. 7, 1931.
(296 Pac. 508.)

H. A. Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Noble county of assault with intent to extort and was sentenced to serve a term of three years in the state penitentiary.

The information charges defendant assaulted one W. T. Donahoe by pointing a pistol at him with the intent to

extort money. "Extortion" is defined by section 2133; an assault with intent to commit a felony is defined by section 1758, Comp. St. 1921. It appears from the record that at the time charged Donahoe claimed defendant owed him some money secured by a note against which the statute of limitations had run and was attempting to get a renewal or acknowledgment of it. After some negotiations, Donahoe, under a previous arrangement, went to the residence of defendant to see him in reference to the note. In the conversation and quarrel that followed, defendant claimed Donahoe owed him $4,000 on some previous business transactions, became abusive, and demanded that Donahoe have the amount in the mail box on the following day. During the conversation and quarrel he pointed a pistol at Donahoe several times.

As we read the testimony, there is no substantial evidence of an intent by defendant to procure from Donahoe a present delivery of any money or property, but merely that he have money in the mail box the next day, in discharge of a claimed debt. To procure an oral promise to pay money at a future time by threats to do personal injury under the circumstances proven falls short of an assault with intent to extort. If the extortionate means had been used to obtain a present delivery of money or property or an instrument creating a debt, demand, charge, or right of action, a different question would be presented. McKeown v. State, 34 Okla. Cr. 381, 246 Pac. 659. Defendant's conduct is more that of a fool than of a criminal. He should have been prosecuted under section 1999, Comp. St. 1921, for pointing a pistol.

The case is reversed and remanded.

DAVENPORT, P. J., and CHAPPELL, J., concur.