### R. R. KINSEY v. STATE.

No. A-7682. Opinion Filed March 6, 1931.
Rehearing Denied March 28, 1931.
Application for Leave to File Second Petition
for Rehearing Denied April 4, 1931.
(296 Pac. 1002.)

Trice & Davidson, I. M. King, J. P. Crawford, and Tom D. McKeown, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Pontotoc county of the crime of robbery with firearms, and his punishment fixed by the court at imprisonment in the state penitentiary for eight years.

Th evidence of the state was that George M. Mayhue, the prosecuting witness, was engaged in business in the city of Ada; that he became acquainted with the defendant's wife through her negotiating with him for a loan on some real estate; that the prosecuting witness left Ada one evening and started to his brother's ranch and parked his car by the side of the road some little distance from Ada; that defendant's wife apparently by previous arrangement came in another car to where prosecuting witness' car was parked and got in his car, and together they

drove some distance down the road and stopped; that in a short time the defendant, accompanied by Dan Elam and Homer Sorrels, drove by in another car, and defendant jumped out of the car and poked a pistol in the prosecuting witness' face and began to curse and threaten to kill him; that after some talk, defendant demanded $5,000 in settlement of his damages or he would kill prosecuting witness; that when advised prosecuting witness did not have the money, he was compelled to drive his car back toward Ada, with defendant and his wife sitting in the back seat and defendant menacing him with a pistol; that finally defendant caused the car to be stopped and offered to take $2,500; that the prosecuting witness was compelled to write two checks for $1,250 each upon certain Ada banks, and that thereupon the prosecuting witness was kept a prisoner and menaced and cursed until time for the bank to be opened, and that prosecuting witness was then compelled to drive his car to the vicinity of one of the banks and was compelled to remain in the car while Elam menaced him with a pistol and while the defendant went to the bank and cashed the checks; that as soon as the checks were cashed, prosecuting witness was released and permitted to go; that he delivered the checks to the defendant through duress and fear of death at the hands of the defendant, Elam, and Sorrels; that on the same day the defendant and his wife left Ada and went to Oklahoma City and other places and remained together until their arrest.

Defendant testified that he caught the prosecuting witness in a car with his wife, and that he jumped on the running board and covered him with his gun and threatened to shoot him and cursed him; that after considerable argument and driving some distance, the prosecuting witness said he wanted to settle it, so defendant had the car

stopped and made the prosecuting witness get out of his car and loaded prosecuting witness' gun and said: "I will lay my gun down here and you can take your gun and take one shot before I touch my gun, and we will shoot it out right here, and he laid it down on the ground and prosecuting witness said I wouldn't touch that gun for a million dollars." That thereupon prosecuting witness offered him $500 to settle the case, and they finally agreed on $2,500; that the prosecuting witness borrowed some checks at a filling station and wrote them out and gave them to defendant; that when they got down to the bank he handed the prosecuting witness his gun and went on in the bank and cashed the checks.

Defendant strenuously insists that the facts in the case, if they establish anything, establish a charge of extortion, and not robbery with firearms.

There is a direct conflict in the evidence; that on the part of the state constituting robbery with firearms, and that upon the part of the defendant indicating extortion. The jury must have believed the evidence of the state, since they returned a verdict of guilty under proper instructions of the court.

Defendant relies upon the case of McKeown v. State, 34 Okla. Cr. 381, 246 Pac. 659, where this court said:

"Where any person, by extortionate means, obtains from another his signature to any paper or instrument, whereby, if such signature were freely given, a debt, demand, charge, or right of action is created, the offense is 'extortion' and not 'robbery.'"

The facts in this case are radically different from those in the case at bar. Here not only did the defendant by means of a pistol and by threats of force and violence compel the prosecuting witness to execute the checks and deliver them to defendant, but also kept the prosecuting

witness in duress and by means of threats caused him to take the defendant to the immediate vicinity of the bank, and there, while the prosecuting witness was threatened by a pistol held in the hands of Elam and restrained from making any outcry or objection, defendant cashed the checks, and the prosecuting witness was not released until the money was obtained upon the checks.

The case at bar more properly seems to fall under the rule laid down in Tipton v. State, 23 Okla. Cr. 87, 212 Pac. 612, 31 A. L. R. 1074, where this court said:

"Where one points a pistol at another, and with threats and menace of death compels the person assaulted to leave the presence of the one making the assault to procure money and property, which, when procured, is delivered to the person making the assault, while the person assaulted is under continued fear and duress, this constitutes robbery under the circumstances outlined in the opinion.

"The taking of something of value from another by means of force or personal fear is the gist of the offense of robbery. Whether the motives leading up to the robbery grew out of avarice, revenge, or other like motive is immaterial, and the court committed no error in refusing to permit an extended examination touching such motives.

"In a robbery case, where the taking of the property is for the purpose of forcibly collecting uncertain unliquidated damages as compensation for an alleged felonious assault on the taker's wife, such forcible taking may constitute robbery and does not come within the rule that the forcible taking and retention of the property of another for the purpose of paying or securing the payment of a debt might not be deemed robbery."

In the case at bar the checks for $2,500 were actually procured by this defendant and the money obtained on them while the "duress by means of firearms continued."

There is no dispute in the evidence but that Mayhue had possession of these checks before they were delivered by him to the defendant. The only material controversy on the question of fact from a legal standpoint is this: Mayhue testified that he delivered these checks while under duress of firearms in the hands of Kinsey and Elam. Kinsey and Elam testified that Mayhue parted with said checks voluntarily and that no firearms were used.

The evidence of the state and the circumstances surrounding the transaction show that the defendant with Elam and Sorrels conspired with the defendant's wife to rob the complaining witness and set a trap to catch him and the woman as an excuse for taking the money.

The evidence being sufficient to support the verdict of the jury, the cause must be affirmed unless the errors complained of by the defendant require a reversal.

Defendant next contends that the court erred in refusing to give certain requested instructions of the defendant. The instruction given by the court on its own motion in substance included the requested instructions of the defendant.

No substantial error appearing upon the record, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.